FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 02, 2020

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRACEY H., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:19-CV-0425-JTR <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 12, 13. Attorney Lora Lee Stover represents Tracey H. (Plaintiff); Special Assistant United States Attorney Jeffrey E. Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income, alleging disability since December 24, 2014, due to birth defect: deformed right foot (club foot); deformed right ankle; skin cancer:

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

basil cell and squamous cell carcinoma; injured right shoulder (multiple operations); chronic headaches; nerve problems (extremities fall asleep); stomach ulcer; GERD (treated with heavy medication); inner ear-brain syndrome (balance and hearing issues); and hearing loss. Tr. 254, 261, 295. At the time of the administrative hearing, Plaintiff amended the alleged onset date to December 1, 2015. Tr. 29, 68. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on November 28, 2018, Tr. 65-102, and issued an unfavorable decision on January 14, 2019, Tr. 29-40. The Appeals Council denied Plaintiff's request for review on November 14, 2019. Tr. 1-5. The ALJ's January 2019 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on December 19, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on September 25, 1970, Tr. 254, and was 45 years old on the amended alleged disability onset date, December 1, 2015, Tr. 68. He completed two years of college and had additionally obtained a real estate sales license. Tr. 296. He reported past work in auto sales and real estate sales. Tr. 297. He indicated he stopped working because of his conditions in late 2015. Tr. 79, 295, 297.

Plaintiff testified at the administrative hearing on November 28, 2018, that his most significant impairment was his right club foot and deformed ankle. Tr. 78, 80-81. He described his right foot as "mush inside," Tr. 78, and indicated that, despite three surgeries, being on his feet caused extreme pain, Tr. 81. He was nevertheless able to work as an automobile salesperson with this condition and would walk over 12 miles on the lot on a regular day. Tr. 79. He stated he also had issues with his neck that caused shoulder pain and numbness in his arms and hands. Tr. 82. Carpal tunnel surgery in 2016 did not alleviate his symptoms. Tr.

83-34. Plaintiff testified his dominant right hand was worse than the left and numbness in the hand made it very difficult for him to write. Tr. 84. He indicated he injured his left elbow, had undergone two surgeries for the injury, and was no longer able to straighten his left arm. Tr. 85. At the time of the hearing, he was also experiencing left shoulder pain. Tr. 86. Plaintiff additionally described having recently undergone a surgery for sleep apnea and having had multiple surgeries for tinnitus. Tr. 87-88. He stated he also had severe headaches at a rate of about twice a week. Tr. 88.

With respect to his mental impairments, Plaintiff testified he had been taking psychotropic medication which helped control his symptoms related to post-traumatic stress disorder and panic disorder. Tr. 90. He was also attending counseling sessions twice per month. Tr. 90.

Plaintiff indicated he lived in a studio apartment owned by his father and received help with chores from his mother and girlfriend. Tr. 91-92. However, he reported he was able to perform about 70% of the daily chores on his own (cooking, cleaning, shopping, laundry, etc.). Tr. 92.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one

rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On January 14, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 1, 2015, the amended alleged disability onset date. Tr. 32.

At step two, the ALJ determined Plaintiff had the following severe impairments: obesity, degenerative disc disease of the lumbar and cervical spine, congenital right club foot, left foot neuritis, degenerative joint disease of the right shoulder post rotator cuff repair, left triceps tendon repair, anxiety disorder, bipolar disorder, and personality disorder. Tr. 32.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 34.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform sedentary exertion level work with the following limitations: he can never climb ladders, ropes or scaffolds, but all other postural activities are limited to occasional performance (balancing, stooping, kneeling, crouching, crawling, and climbing ramps or stairs); he is limited to occasional overhead reaching with the left upper extremity; he must avoid concentrated exposure to extreme cold, industrial noise and hazards; and he must have minimal interaction with the public and only superficial interaction with coworkers (no tandem tasks or collaborative work). Tr. 35.

At step four, the ALJ found Plaintiff was not able to perform his past relevant work as a real estate sales agent or automobile salesperson. Tr. 38-39.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of document preparer, printed circuit board assembler, and surveillance system monitor. Tr. 39-40.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from December 1, 2015, the alleged onset date, through the date of the ALJ's decision, January 14, 2019. Tr. 40.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends that: (1) The ALJ erred in assessing Plaintiff's credibility; (2) The ALJ erred in assessing Plaintiff's residual functional capacities; and (3) The ALJ erred in finding Plaintiff to be capable of substantial gainful activity at step five of the sequential evaluation process. ECF No. 12 at 11.

**DISCUSSION**

**A.   Plaintiff's Symptom Testimony**

Plaintiff asserts the ALJ erred by rejecting his complaints of pain and impaired function. ECF No. 12 at 15.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 36.

The ALJ first determined Plaintiff's level of activity demonstrated by the record was inconsistent with his testimony and supported the assigned RFC assessment. Tr. 36.

It is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). For daily activities to discount subjective symptom testimony, the activities do not need to be equivalent to full-time work; it is sufficient that a claimant's activities "contradict claims of a totally debilitating impairment." *See Molina v. Astrue*, 674 F.3d 1104, 1112-1113 (9th Cir. 2012). A claimant, however, need not be utterly incapacitated to receive disability benefits, and completion of certain routine activities is insufficient to discount subjective symptom testimony. *Id.* at 1112-1113 (noting that a "claimant need not vegetate in a dark room in order to be eligible for benefits" (quotation marks omitted)); *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) ("One does not need to be 'utterly incapacitated' in order to be disabled.").

Plaintiff indicated he had difficulty standing and walking due to his club foot and deformed ankle, conditions he has had since birth. Tr. 36, 78-79, 81. Plaintiff described his right foot as "mush inside;" however, he testified he had worked as an automobile salesperson despite this condition and would walk over 12 miles on the lot on a regular day. Tr. 78-79. Plaintiff also stated he had pain and numbness throughout his back and upper extremities and was unable to straighten his left arm. Tr. 81. Yet, Plaintiff has a history of heavy weightlifting and bodybuilding over several decades, which continued into the relevant time period. Tr. 37, 1203-1204 (October 23, 2018 medical report noting Plaintiff's weightlifting history), 642 (report that Plaintiff checked into a 24-hour fitness facility eight times in August, seven times in September and two times in November, all in 2016). Despite assertions of needing assistance with chores, Plaintiff wrote in his function report that he was able to complete activities of self-care independently, care for pets (two dogs), and prepare his own meals. Tr. 36, 328-329. Plaintiff also reported to an investigator he spent his days "helping his father with projects, working on his place, and doing maintenance like painting and taking care of odds

and ends around his home." Tr. 37, 630.  Plaintiff additionally told the investigator he helped physically restrain a shoplifter at a gas station in May 2016.  Tr. 37, 641.

It appears it was proper for the ALJ to note Plaintiff's activities of daily living as contrary to his subjective complaints.  However, even if it were improper for the ALJ to find Plaintiff's level of activity inconsistent with his subjective complaints, *see Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability"), the Court would find this error harmless given the ALJ's other supported reasons for finding Plaintiff less than fully credible (*see infra*).  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1160, 1163 (9th Cir. 2008) (upholding adverse credibility finding where ALJ provided four reasons to discredit claimant, two of which were invalid); *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (affirming credibility finding where one of several reasons was unsupported by the record).

The ALJ next noted inconsistencies in Plaintiff's statements.  Tr. 37.  Inconsistencies in a disability claimant's testimony supports a decision by the ALJ that a claimant lacks credibility with respect to her claim of disabling pain.  *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1986).

The ALJ indicated Plaintiff gave differing accounts regarding why he quit working.  Tr. 37.  At the administrative hearing, he testified he stop working because of the pain caused by having to be on his feet which ultimately led to him being fired due to "lack of performance."  Tr. 80-81.  However, Plaintiff reported to a treatment provider that he "had to quit work, secondary to not being able to do writing more than a few sentences."  Tr. 37, 568, 1131.  The ALJ further noted that Plaintiff's assertion that he was unable to work due to his defective foot/ankle was inconsistent with Plaintiff's ability to work for decades with the same condition and without evidence of significant exacerbation of the impairment over this

period. Tr. 37. The ALJ found the foregoing inconsistencies detracted from Plaintiff's reliability regarding his impairments, and Plaintiff makes no argument to the contrary. *See Carmickle,* 533 F.3d at 1161 (the Court will not ordinarily consider matters on appeal that were not specifically and distinctly argued in a party's opening brief).

Finally, the ALJ found objective and observational evidence did not support the level of limitation alleged by Plaintiff. Tr. 37. An ALJ may discount a claimant's allegations if they conflict with the medical evidence of record. *Carmickle*, 553 F.3d at 1161 (contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007) (an ALJ may consider whether alleged symptoms are consistent with the medical evidence).

With regard to Plaintiff's lower extremities complaints, the investigator noted Plaintiff had a normal gait and pace, Tr. 642, which was consistent with multiple treatment records, Tr. 477 (gait without coordination deficits), 532 (normal gait, no limp), 594 (walks without limp), 646 (walks without limp), 861 (walks without limp), 939 (ambulating normally), 999 (normal gait), 1209 (normal gait), 1246 (normal gait). Tr. 37. As to Plaintiff's assertions of upper extremity pain and numbness, carpal tunnel release surgery was noted as successful despite Plaintiff missing follow-up appointments, and Plaintiff had been released to activities without restriction. Tr. 37, 587

Medical expert Robert H. Smiley, M.D., testified at the administrative hearing that with Plaintiff's back and ankle problems, he would be limited to sedentary level work with overhead reaching limited to occasional and some postural and environmental limitations. Tr. 72, 74, 77. The ALJ accorded "considerable weight" to the testimony of Dr. Smiley, and the RFC determination is consistent with his testimony. Tr. 37-38. The ALJ also accorded partial weight to the opinions of state agency consultants who determined that Plaintiff could

perform a range of light work with limits on fingering and reaching and noted the record lacked any opinion evidence regarding Plaintiff's mental limitations. Tr. 38. Plaintiff's brief does not specifically and distinctly dispute the opinions of Dr. Smiley or the state agency consultants, nor has Plaintiff challenged the ALJ's finding that objective and observational evidence contradicted Plaintiff's subjective complaints. *See Carmickle,* 533 F.3d at 1161 (the Court will not ordinarily consider matters on appeal that were not specifically and distinctly argued in a party's opening brief).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review. 42 U.S.C. § 405(g). After reviewing the record, the Court finds the ALJ provided clear and convincing reasons, supported by substantial evidence, for finding Plaintiff's symptom allegations were not entirely credible in this case.

**B.     Residual Functional Capacity**

Plaintiff's brief provides a cursory assertion that his limitations were not adequately addressed by the ALJ's RFC assessment. ECF No. 12 at 16.

Plaintiff's three-sentence argument fails to identify any contradictory medical source opinion evidence, and Plaintiff does not argue that the ALJ erred by rejecting the opinion of any specific medical professional of record. It appears Plaintiff merely reasserts his contention that his subjective complaints should have been accorded weight in this case. However, as noted in Section A above, the ALJ's determination regarding Plaintiff's subjective allegations is supported by substantial evidence. *Supra*.

The Court finds Plaintiff has failed to advance a specific, valid error with respect to the ALJ's evaluation of the medical evidence or her determination regarding Plaintiff's residual functional capacity.

## CONCLUSION

As determined above, the ALJ did not err by finding Plaintiff's symptom allegations were not entirely credible, and Plaintiff has not demonstrated any error with respect to the ALJ's evaluation of the medical evidence of record. As such, the Court finds the ALJ's decision is supported by substantial evidence and free of error.

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision should be affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED November 2, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE